24h    149
76 AD⁴156

ANDREW McCABE, RESPONDENT, *v.* THE FATHER MATTHEW TOTAL ABSTINENCE BENEFIT SOCIETY, OF SOUTH BROOKLYN, APPELLANT.

*Benevolent associations — power of, to make provision for sick members — rights of members may be taken away by an alteration of the constitution — no notice of such proposed alteration need be given — meetings may be held on Sunday.*

The defendant was incorporated as a charitable and benevolent association, its objects being to promote the cause of temperance, discourage drunkenness, and guard against the consequences thereof, and provide for the widows and orphans of any member of the said society who might thereafter die. At the time the plaintiff joined the society, an article of the constitution provided for the payment of a certain weekly sum to sick members. Thereafter that article was, in pursuance of a resolution offered and adopted, as provided by the constitution for the amendment of the constitution and by-laws, suspended. The meetings of the society were, as provided in the by-laws, held on Sunday evening.

The plaintiff having fallen sick, after the article providing for a weekly payment to sick members had been suspended, brought this action to recover the amount which he claimed should have been paid to him thereunder.

*Held,* that the society had power, under its charter, to provide for weekly payments to sick members.

That the right of the plaintiff to receive such payments was liable to be taken away by an alteration or suspension of the article providing for them.

That the resolution of suspension was not rendered invalid by the fact that it was adopted at a meeting held on Sunday.

That no notice of its proposed adoption need be given to him.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict directed by the court, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought to recover five dollars a week for sick benefits, during a sickness of the plaintiff, extending from August 24, 1878, to November 15, 1879, a period of sixty-four weeks, which amounts to $320. His claim rested on an alleged contract with the defendant society, entered into when he became a member, which was embodied in its constitution and by-laws, with a printed copy of which he was then furnished. The initiation fees, dues and assessments, paid by the members, constitute a fund for the payment of sick benefits.

The answer admits the incorporation of the defendant, its object, the sickness of the plaintiff, the non-payment of sick benefits, and that when he became a member there was in force a by-law obliging it to pay to a sick member five dollars a week during the continuance of his sickness. It is also admitted that the plaintiff has paid his dues, assessments, etc., and has kept himself in good standing.

The defendant claimed at the trial: 1st. That the contract to pay benefits to sick members is *ultra vires*, and not binding. 2d. That the by-law in force when plaintiff became a member, was not in force when the action was commenced, because it had been amended by reducing the amount of sick benefits to three dollars a week, and because the society had passed resolutions suspending the payment of sick benefits, and, therefore, that the plaintiff was not entitled to be paid any sum whatever, or at all events not more than at the rate of three dollars a week. The plaintiff, on the other hand, maintained that a contract, such as that sued upon, is within the scope and spirit of the object of the society, and that the extent of the liability of the society to the plaintiff is to be measured by the contract mutually agreed upon when he became a member, the

same not having been modified or rescinded by his assent, nor even without his assent at a lawful meeting.

The court directed a verdict for the plaintiff.

*B. F. Tracy*, for the appellant.

*Wm. Sullivan*, for the respondent.

BARNARD, P. J.:

Whatever contract there was between the plaintiff and defendant arose under the charter, constitution and by-laws of the defendant.

The charter provided that the objects of the society were " to promote the cause of temperance in the said city of Brooklyn; to discourage drunkenness and to guard against its numerous and destructive consequences; to rescue those addicted to the use of spirituous liquors from a life of disorder and evil associations, which is the .foundation of misfortune, and to provide for the widows and orphans of any of the members of said society who may hereafter die and leave such widow and orphans unprovided for."

The constitution and by-laws provided for the payment of certain weekly sums to sick members. I entertain no doubt but that such a provision was fully within the charter.

By the tenth article of the constitution, the society provided for a recision of any article of the constitution (except seven and eight, which do not refer to the subject under consideration), and to any change in the by-laws by resolution, in writing, presented to the society at least one week before action taken upon it. The by-laws provided that the society should meet every Sunday at seven P. M. and that it should adjourn at nine P. M. It does not appear when the plaintiff became sick. The complaint states it to have been on the 24th of August, 1878. The evidence is thus taken:

Q. How long have you been sick? A. Since I sued the society; I never was sick only three weeks before this suit.

The summons was issued in November, 1879. On July 1, 1877, a resolution was duly passed reducing the weekly payment to such member from five dollars to three dollars per week. On the 2d of September, 1877, the society, to relieve its financial embarrassments,

suspended the by-law granting any weekly payments for twelve months from that date.

On the 1st of September, 1879, a new resolution was proposed extending the suspension twelve months further, and on the 8th of September, 1879, it was carried unanimously, and subsequently on September fourteenth reconsidered, and on the 21st of September, 1879, carried continuing the suspension of the by-law for six months from October 1, 1879.

The plaintiff was bound by these changes. The charter gave no right of action. The constitution and by-laws were liable to change. The changes were made in the way pointed out by the constitution and laws.

The plaintiff cannot object that the changes were made on Sunday. It is so provided by the laws, and a society for the purely benevolent purposes provided by the charter could act on Sunday. It is a pure charity to relieve sick members, and the passage of such a resolution on Sunday would be unobjectionable. It could be changed for sufficient reasons on the same day even if there were no by-laws.

No notice was required to be given to plaintiff. The by-laws provide for none, and they do provide for a change by resolution proposed one week before it could be passed. It was doubtless designed that this delay would operate to give notice to all persons interested. A notice to all the members would be a great burden.

The judgment should be reversed and a new trial granted, costs to abide event.

GILBERT and DYKMAN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide event.